IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY SPENCER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | CIVIL ACTION NO. H-17-2652 |
| COMPANY, As Trustee for BCAPB | § | |
| LLC TRUST 2007-AB1, MORTGAGE | § | |
| PASS-THROUGH CERTIFICATES, | § | |
| SERIES 2007-AB1, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, Dorothy Spencer ("Plaintiff"), sued defendant Deutsche Bank National Trust Company, as Trustee, for BCAPB LLC Trust 2007-AB1, Mortgage Pass-Through Certificates, Series 2007-AB1 ("Defendant" or "Deutsche Bank") in the 400th Judicial District Court of Fort Bend County, Texas.[1] Defendant Deutsche Bank timely removed the action to this court.[2] Pending before the court is Defendant's Motion to Dismiss and Brief in Support ("Motion to Dismiss") (Docket Entry No. 11), Plaintiff's Response to Defendant's Motion to Dismiss and Motion for Leave ("Motion to Amend") (Docket Entry No. 28), and Defendant's Motion to Strike

---

[1] <u>See</u> Plaintiff's Original Petition, Exhibit D-2 to Defendant's Notice of Removal, Docket Entry No. 1-6.

[2] <u>See</u> Defendant's Notice of Removal, Docket Entry No. 1.

Plaintiff's Amended Complaint and Response to Plaintiff's Motion for Leave ("Motion to Strike") (Docket Entry No. 29). For the reasons stated below, Plaintiff's Motion to Amend will be granted, Defendant's Motion to Strike will be denied, Defendant's Motion to Dismiss will be granted, and this action will be dismissed with prejudice.

## I.  Background

### A.  Factual and Procedural Background

In her Original Petition Spencer alleges that she owned the real property located at 1630 Oakbury Drive, Missouri City, Texas 77489 ("the Property") acquired through a warranty deed. Spencer states that she defaulted on her loan payment obligations but made various attempts to bring her account current and requested debt reaffirmation, but that Defendant filed a foreclosure action. Plaintiff alleged that Wells Fargo Bank, N.A. served as the mortgage servicer for Plaintiff's mortgage[3] and Defendant Deutsche Bank is a Junior Secured Party to Wells Fargo Bank, N.A.[4] Plaintiff asserted claims against Defendant for violations of the

---

[3] Plaintiff's Amended Complaint, Docket Entry No. 27, p. 2. All page numbers for docket entries refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[4] See Plaintiff's Complaint for: Lack of Standing to Foreclose, Fraud in the Concealment, Fraud in the Inducement, Unconscionable Contract, Breach of Contract, Breach of Fiduciary Duty, Quiet Title, Temporary Restraining Order/Injunctive Relief, Docket Entry No. 15, pp. 2-3.

Federal Debt Collection Practices Act, Texas Property Code Section 209, the Texas Debt Collections Act ("TDCA"), Texas Rule of Civil Procedure 736.1(d)(3)(B), the Texas Deceptive Trade Practices Act, and common law fraud, and she sought an accounting. On September 28, 2017, Defendants moved to dismiss all claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[5]

On October 6, 2017, the court stayed the case to allow the parties to engage in settlement negotiations. When the parties informed the court that they were not able to agree upon a settlement, the court lifted the stay and ordered Plaintiff to respond to Defendant's Motion to Dismiss by December 21, 2017.[6] On December 22, 2017, Plaintiff filed a Motion for Extension of Time to Respond to Defendant's Motion to Dismiss (Docket Entry No. 21), which the court granted, extending the deadline to respond to January 2, 2018.[7] Plaintiff filed a Second Motion for Extension of Time (Docket Entry No. 24) on January 9, 2018, which the court granted, extending the deadline to respond to January 12, 2018.[8] On January 17, 2018, Plaintiff filed Plaintiff's First Amended

---

[5]See Motion to Dismiss, Docket Entry No. 11, pp. 22-23.

[6]See Order vacating stay, Docket Entry No. 18, p. 1.

[7]Order granting motion to extend deadline, Docket Entry No. 22, p. 1.

[8]Order granting second motion to extend deadline, Docket Entry No. 25, p. 1.

Original Complaint ("Amended Complaint") (Docket Entry No. 27) and Plaintiff's Motion to Amend (Docket Entry No. 28). The same day Defendant filed its Motion to Strike (Docket Entry No. 29) in which it asks the court to strike the Amended Complaint and grant its Motion to Dismiss.

**B.    Current Stage of the Proceeding**

Plaintiff's Amended Complaint asserts claims against Defendant for violation of the Texas Debt Collection Act and for an accounting of money owed on the property.[9]  Defendant's Motion to Dismiss addresses those two claims.[10]  Because Plaintiff's Amended Complaint greatly simplifies and streamlines the case by eliminating claims, and because Defendant has already moved to dismiss the remaining claims, Defendant will suffer no prejudice in allowing Plaintiff to amend her complaint.  Therefore, the court will grant Plaintiff's Motion to Amend and will deny Defendant's Motion to Strike.

## II.    <u>Standard of Review</u>

Under the Federal Rules of Civil Procedure a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff's pleading must provide the grounds of his entitlement to

---

[9]Plaintiff's Amended Complaint, Docket Entry No. 27, pp. 2-3.

[10]<u>See</u> Defendant's Motion to Dismiss, Docket Entry No. 11, pp. 13, 19-20.

relief, and "a formulaic recitation of the elements of a cause of action will not do. . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007). "'[N]aked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284 (5th Cir. 1993). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949.

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom. Cloud v. United States</u>, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 127 S. Ct. at 1974. The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." <u>Southland Securities Corp. v. INSpire Ins. Solutions, Inc.</u>, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted).

"[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." <u>Flynn v. State Farm Fire and Casualty Insurance Co. (Texas)</u>, 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing <u>Neitzke v. Williams</u>, 109 S. Ct. 1827, 1832 (1989)).

### III. <u>Analysis</u>

**A. Texas Debt Collection Act**

Plaintiff alleges that she was a consumer because she owed a consumer debt, i.e. the mortgage on her home, and that Defendant was a debt collector because Defendant scheduled a foreclosure sale on Plaintiff's home.[11] Plaintiff alleges that Defendant violated the Texas Debt Collection Act "by failing to properly verify, calculate, or itemize, the alleged debt. More specifically, upon information and belief, Defendant misrepresented the amount of a consumer debt."[12] Plaintiff makes no other factual allegations with respect to the TDCA.

To state a claim under the TDCA, Plaintiff must allege: (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. <u>Houston v.</u>

---

[11]Plaintiff's Amended Complaint, Docket Entry No. 27, p. 3.

[12]<u>Id.</u>

_DTN Operating Company, LLC_, Civil Action No. 4-17-00035, 2017 WL 4653246, at *7 (E.D. Tex., October 17, 2017). Section 392.304(a)(8) of the TDCA prohibits a debt collector from using a fraudulent, deceptive, or misleading representation that "misrepresent[s] the character, extent, or amount of a consumer debt, or misrepresent[s] the consumer debt's status in a judicial or governmental proceeding." Tex. Fin. Code. § 392.304(a)(8). Plaintiff's conclusory allegation that "Defendant misrepresented the amount of a consumer debt" is not sufficient to state a claim. Plaintiff's allegations do not articulate the amount of debt Plaintiff owed or the amount Defendant allegedly misrepresented. Moreover, even if Defendant had misrepresented the amount of the debt, Plaintiff does not allege facts demonstrating that Defendant used any fraudulent, deceptive, or misleading representations. Plaintiff has therefore failed to allege facts that state a claim for relief, and the court will dismiss this claim.

## B. Suit for Accounting

Plaintiff also seeks an accounting. The entirety of Plaintiff's pleading with respect to an accounting states: "Plaintiff asserts a cause of action against Defendant for accounting. Plaintiff requests that the court order an accounting of all money, if any, owed on the property."[13]

When brought as a separate, equitable cause of action, whether to grant an accounting is within the discretion of the trial court.

---

[13] _Id._

Williams v. Wells Fargo Bank, N.A., 560 F. App'x 233, 243 (5th Cir. 2014).  An accounting "is appropriate when 'the facts and accounts presented are so complex adequate relief may not be obtained at law.'"  Id. (quoting T.F.W. Mgmt., Inc. v. Westwood Shores Property Owners Ass'n, 79 S.W.3d 712, 717 (Tex. App.——Houston [14th Dist.] 2002, pet. denied)).  Plaintiff has alleged no facts suggesting that the account in issue is so complex that adequate relief cannot be obtained at law.  This claim will therefore be dismissed.

## IV.  Conclusions and Order

For the reasons discussed above, Plaintiff's Motion for Leave [to amend] (Docket Entry No. 28) is **GRANTED**, and Defendant's Motion to Strike Plaintiff's Amended Complaint (Docket Entry No. 29) is **DENIED**.  In her Amended Complaint (Docket Entry No. 27) Plaintiff has failed to state a claim upon which relief can be granted.  Nor has the Plaintiff provided the court with any reason to conclude that allowing Plaintiff to again amend her pleadings would cure this deficiency.  Defendant's Motion to Dismiss (Docket Entry No. 11) is therefore **GRANTED** as to the claims brought in Plaintiff's Amended Complaint, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 26th day of January, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE